UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE M. PARKS,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JAREN QUEEN and PAUL YADLOWSKY,  )<br>  )<br>    Defendants.  ) | Case No. 4:20-CV-1286 SRC |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Kyle Parks – a federal prisoner sentenced by this Court and currently incarcerated in Indiana – brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $17.33. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's second, duplicative motion to proceed *in forma pauperis* will be denied as moot. ECF No. 7. Furthermore, after reviewing the complaint, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted two motions to proceed in district court without prepaying fees or costs. ECF Nos. 4, 7. In his first motion, plaintiff states that he has received approximately $300 in gifts from family members over the previous six months. ECF No. 4 at 1. This is confirmed by an 'Inmate Account Inquiry' statement that plaintiff filed on the same date. ECF No. 5. The statement does not provide detailed account activity required to calculate average deposits or balances on a monthly basis. However, it states plaintiff's deposits over a six-month period as $300, his average daily balance over a six-month period as $86.66, and the amount in his account at the time of the statement as $84.25. *Id.* at 1-2. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $17.33, which is twenty percent of plaintiff's average account balance. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (stating that the Court should assess a partial filing fee amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Plaintiff's second, duplicative motion to proceed without prepaying fees or costs provides no additional financial information and will be denied as moot. ECF No. 7.

## Background

A basic understanding of plaintiff's background provides the necessary foundation for understanding the claims asserted in his complaint. In December 2015, plaintiff was arrested following an investigation that included officers from Columbus, Ohio; St. Charles, Missouri; St. Louis County, Missouri; and the FBI. At the time, plaintiff was traveling with several women and minor females. He was eventually charged with and convicted of one count of knowingly

transporting a minor across state lines with intent to engage in prostitution in violation of 18 U.S.C. § 2423(a), one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), two counts of attempted sex trafficking of a minor in violation of 18 U.S.C. § 1594(a), and six counts of transporting subjects in interstate commerce for the purposes of prostitution in violation of 18 U.S.C. § 2421(a). *U.S. v. Parks*, No. 4:15-cr-553-JAR-1, ECF Nos. 68, 114 (E.D. Mo. filed Dec. 4, 2015).[1]  The Court sentenced plaintiff to a total term of 300 months in federal prison, to be followed by lifetime supervised release. *Id.* at ECF No. 130.  The Eighth Circuit Court of Appeals affirmed the conviction and sentence. *Id.* at ECF Nos. 192-195, 200-203, 206; *see also U.S. v. Parks*, 902 F.3d 805 (8th Cir. 2018).  On March 31, 2021, the Court denied plaintiff's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *Id.* at ECF No. 225.

Plaintiff initiated an action in this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in November 2018. *Parks v. U.S.*, No. 4:18-cv-1923-JAR (E.D. Mo. Nov. 8, 2018).  After multiple amendments to that motion, the Court denied and dismissed the matter on the merits in March 2020. *Parks v. U.S.*, No. 4:18-cv-1923-JAR, 2020 WL 1514631 (E.D. Mo. Mar. 27, 2020).  Among other arguments in his motion to vacate, plaintiff alleged that five police officers involved in his criminal prosecution (including the two named defendants in this matter) planted and fabricated evidence and committed perjury at his trial. *Id.* at *2-3.  Relevant here, as to defendant police officer Yadlowsky, plaintiff alleged that Yadlowsky perjured himself because his trial testimony and his written report were inconsistent in his description of "rapping" on a van window. *Id.* at *3.  The Court found that even if such an inconsistency existed, it did not prove that Yadlowsky's testimony was false or that the government knew as much.  As such, the Court held that it could not be concluded that Yadlowsky lied under oath. *Id.*  The Court declined to

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

issue a certificate of appealability. *Id.* at *5. Plaintiff appealed the denial of his § 2255 Motion to the Eighth Circuit and sought a certificate of appealability. *Parks v. U.S.*, No. 4:18-cv-1923-JAR, ECF Nos. 143, 149. This Court again denied plaintiff a certificate of appealability in May 2020, and the decision was affirmed by the Eighth Circuit in August 2020. *Id.* at ECF Nos. 153, 157.

While incarcerated, plaintiff has filed many federal lawsuits. Most recently, in January 2020 while his § 2255 motion was pending, plaintiff filed a complaint under 42 U.S.C. § 1983 against United States District Court Judge John Ross, Assistant United States Attorneys Howard Marcus and Jennifer Winfield, and attorney Joseph Hogan. *Parks v. Ross*, No. 4:20-cv-129-SNLJ, ECF Nos. 15-16 (E.D. Mo. filed Jan. 27, 2020). All of the named defendants were involved in plaintiff's criminal prosecution and conviction in this Court. Among other claims, plaintiff alleged obstruction of justice, perjury, and conspiracy. *Id.* at ECF No. 15 at 4-6. Plaintiff attempted to add eight police-officer defendants to this case (including the two defendants named in this matter), whom he claimed had obstructed justice, committed perjury, and filed false police reports. *Id.* at ECF No. 10. The Court denied plaintiff's request to add defendants and dismissed his complaint in March 2020 based on immunity, failure to state a plausible claim of relief, and because his claims were barred by *Heck v. Humphrey*.[2] *Id.* at ECF No. 15 at 6-9.

About a month after this dismissal, plaintiff filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court of the Southern District of Indiana. *Parks v. Watson*, No. 2:20-cv-196-JPH-DLP (S.D. Ind. filed Apr. 13, 2020). In that matter, plaintiff also made claims regarding his criminal prosecution, including claims that the police had fabricated evidence, committed perjury, obstructed justice, and concealed evidence. *Id.* at ECF

---

[2] 512 U.S. 477 (1994) (finding that a prisoner cannot recover damages in a § 1983 action where the judgment would necessarily imply the invalidity of his criminal conviction, continued imprisonment, or sentence unless the conviction or sentence had been reversed, expunged, or called into question by the issuance of a writ of habeas corpus).

No. 9 at 4. The Indiana Court found that it was clear on the face of the § 2241 petition that plaintiff was not entitled to relief. The case was dismissed pursuant to 28 U.S.C. § 2255(e) on September 9, 2020. *Id.* at ECF Nos. 9-10. Plaintiff filed the instant matter approximately two weeks later.

## Complaint and Amended Complaint

Plaintiff, currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, brought his initial complaint in this action under 42 U.S.C. § 1983, alleging violations of his civil rights against two St. Charles County Police Officers involved in his criminal prosecution: Jared Queen and Paul Yadlowsky. ECF Nos. 1, 6. The Court directed plaintiff to file an amended complaint in this matter because his initial complaint was defective for not being filed on a court form. ECF No. 3. The Court warned plaintiff that his amended complaint would completely replace his initial complaint and that it would be the only pleading considered by the Court. *Id.* at 1. Plaintiff filed his amended complaint on October 13, 2020, against the same two named defendants in their individual capacities only. ECF No. 6.

As to defendant police officer Queen, plaintiff alleges that Queen: (1) altered, changed, removed, or replaced the time stamp on a still photo taken from a video surveillance recording; (2) removed or omitted the check-in time from a hotel receipt "to further cover-up and correspond with the altering" of the photo from the video surveillance; and (3) fabricated evidence when he transcribed voice recordings "of female subjects into synopsis form." *Id.* at 4. Plaintiff does not explain how these alleged actions affected his criminal trial but he states that "Queen knew or should have known that the course of action(s) taken by him … would cause grave negative consequence to the plaintiff of loss of freedom, liberty, confinement, pursuit of happiness, mental and emotional anguish, financial and reputational harm." *Id.*

As to defendant police officer Yadlowsky, plaintiff alleges that Yadlowsky violated plaintiff's constitutional right to a fair trial, also injuring plaintiff with a "loss of freedom, liberty

and the pursuit of happiness, mental and emotional harm, financial and reputational harm, and public esteem." *Id.* at 7. According to plaintiff, Yadlowsky "filed a false and misleading police report, committed perjury and obstruction of justice in a federal matter." *Id.* at 8. Plaintiff asserts that Yadlowsky's trial testimony was "wholly" inconsistent with the written report he submitted on the day of the event at issue. *Id.* at 8. Plaintiff provides a "brief listing of contradiction[s]" made by Yadlowsky:

> (1) Testimony at trial: "I repeatedly bangged [sic] on window [and] subject did not respond." Report. I tapped on window and subject woke up.
>
> (2) Testimony at trial: "I proformed [sic] a cursory search of van." Report. No search was listed in report.
>
> (3) Testimony at trial: "I opened the van door and smelled a overwhelming smell of marijuana." Report: No mention of smelling any odor, in report.

*Id.*

For relief, plaintiff seeks two (2) million dollars in damages. *Id.* at 5.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Based on a liberal construction of the allegations of plaintiff's self-represented complaint, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff seeks a finding from this Court that the two police-officer defendants tampered with evidence, committed perjury, falsified reports, and obstructed justice in plaintiff's 2015 criminal matter. Plaintiff has already asserted similar, if not the same, arguments in multiple cases before multiple courts. He has been denied relief in all cases. Plaintiff's very serious accusations against defendant police officers are wholly conclusory, with no supporting evidence or facts. In addition, plaintiff's claims are barred by *Heck v. Humphrey*, a case in which the United States Supreme Court held that a prisoner cannot recover damages in a § 1983 action where the judgment would necessarily imply the invalidity of his criminal conviction, continued imprisonment, or sentence unless the conviction or sentence had been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. 512 U.S. 477 (1994).

First, plaintiff's allegations are wholly conclusory and insufficient as plead. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff alleges Queen altered evidence that was used against plaintiff at trial. Plaintiff does not provide any factual basis for this belief, nor does he assert how the allegedly tampered evidence led to his conviction and loss of freedom. Plaintiff alleges Yadlowsky perjured himself based on alleged inconsistencies in his trial testimony and written report. One of these inconsistencies was considered by this Court on habeas review and found insufficient to establish perjury. The other two examples provided by plaintiff are situations where Yadlowsky mentioned something at trial that was not mentioned in his written report. Therefore, there was no direct contradiction between the testimony and report. One was simply more complete than the other. Again, plaintiff's allegation of perjury is a legal conclusion lacking in factual support. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. None of the claims raised by plaintiff in his amended complaint are supported by any factual content that allows a reasonable inference of misconduct. Plaintiff's claims lack facial plausibility and are subject to dismissal.

Second, even if plaintiff's complaint stated a valid claim for relief, the Court cannot grant the relief plaintiff seeks. According to the United States Supreme Court, a § 1983 claim for money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87. The Court later expanded its holding in *Heck* by stating that an action "is barred (absent prior invalidation) - no matter the relief sought (damages

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). *See also Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (applying *Heck* in the context of a federal prisoner).

Here, plaintiff's claims relate to the legitimacy of his criminal conviction and he blames defendants for his loss of freedom. Plaintiff seems to be asserting that the allegedly unconstitutional acts of the defendants led to his conviction. Plaintiff seeks money damages but not injunctive relief or release from custody. If the Court found that the alleged unlawful actions of the defendants caused plaintiff's unconstitutional imprisonment, it would render plaintiff's criminal conviction or sentence invalid. As discussed above, plaintiff's conviction and sentence have not been invalidated previously by any Court to have considered them. His conviction has been affirmed on appeal and he has been denied federal habeas relief. Therefore, plaintiff's claims here are not cognizable under § 1983 and subject to dismissal for failure to state a claim. *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).

## Conclusion

Plaintiff's allegations are wholly conclusory and completely lacking in factual support. And a ruling in plaintiff's favor on the claims alleged, would question the validity of his criminal conviction and sentence. As his conviction has not been previously invalidated, plaintiff's § 1983 claims here are not cognizable based on *Heck v. Humphrey*, 512 U.S. 477 (1994). Furthermore, plaintiff asserts the same conclusory allegations of perjury, evidence fabrication, and obstruction of justice in the instant action that he asserted (and was denied relief for) in his appeals and motions

for habeas relief. It would be inappropriate for this Court to sit in review or reconsideration of those previous rulings in this § 1983 action for damages. As such, this action will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's first motion to proceed *in forma pauperis* [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.33 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed *in forma pauperis* [ECF No. 7] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of May, 2021.

                                                              *SL R. CR*
                                      STEPHEN R. CLARK
                                      UNITED STATES DISTRICT JUDGE